**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MELVIN EARL SIMS
ADC #500024**                                                                                                                                     **PLAINTIFF**

V.                                       CASE NO. 5:14-CV-227 BSM/BD

**GREG BOLIN**                                                                                                                                            **DEFENDANT**

## ORDER

Melvin Earl Sims filed this federal lawsuit pro se, that is, without the help of a lawyer, under 42 U.S.C. §1983, the Federal Civil Rights Act. Mr. Sims requested that he be allowed to proceed *in forma pauperis* (docket entry #1). The Court granted that request and ordered that Mr. Sims pay the $350.00 filing fee for a civil rights action in monthly installments to be collected from his prison account. (#3)

Federal courts are required to screen prisoner complaints that seek relief against a government entity, officer, or employee. 28 U.S.C. § 1915A. The Court has reviewed Mr. Sims's complaint which purports to be a civil rights action and includes a request for damages. He specifically states, however, that he is being held in custody in violation of his constitutional rights and also requests immediate release from incarceration. (#2 at pp. 5-7)

A civil rights action brought under 42 U.S.C. §1983 challenges the conditions of a prisoner's confinement, whereas a habeas corpus action "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Habeas corpus is the appropriate remedy here, because Mr. Sims's claim "goes directly to the constitutionality of physical confinement or the shortening of its duration." *Id*. at 489.

For these reasons, the Court will construe Mr. Sims's complaint as a petition for writ of habeas corpus brought under 28 U.S.C. §2254,[1] and will VACATE its earlier order (#3).

The Clerk of the Court is directed to send a copy of this Order to the Arkansas Department of Correction Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611, the Arkansas Department of Correction Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612, and the Warden of the W.C. "Dub" Brassell Adult Detention Center, 300 East Second Avenue, Pine Bluff, Arkansas 71601 to notify them that the Court's earlier order initiating deductions from Mr. Sims's account (#3) has been vacated and <u>deductions for payment of the filing fee in this case are no longer required</u>.

Mr. Sims's motion to proceed *in forma pauperis* (#1) is GRANTED.  The Clerk is instructed to serve a copy of Mr. Sims's habeas corpus petition (#2) on the Respondent Greg Bolin, Chief Deputy Jail Administrator of the Dub Brassell Detention Center, and

---

[1] If a judgment in favor of a prisoner in an action brought under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, the prisoner cannot pursue a claim for damages until the conviction or sentence has been reversed, expunged, or called into question by a state tribunal or federal court. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).  If successful in his habeas case, Mr. Sims may have a claim for damages under 42 U.S.C. § 1983, but right now, such a claim is premature.

the Arkansas Attorney General, by regular mail. Chief Deputy Bolin should file an answer, motion, or other responsive pleading to the petition within twenty (20) days after service.

Because the matter is being converted to a habeas petition, the Clerk is directed to terminate the following defendants: Dametria Rochelle, Felicia Fisher, Rebekah Kennedy, S. Kyle Hunter, Rik Ramsey, and Kimberly Bridgeforth.

IT IS SO ORDERED, this 16th day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE