# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**MELVIN EARL SIMS**                                                    **PLAINTIFF**

V.                      **CASE NO. 5:14-CV-00227 BSM/BD**

**DAMETRIA ROCHELLE, et al.**                                   **DEFENDANTS**

## RECOMMENDED DISPOSITION

I. **Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Court Judge Brian S. Miller. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail objections to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II.     Discussion

On June 6, 2014, Melvin Earl Sims filed this lawsuit pro se under 42 U.S.C. § 1983, and moved for leave to proceed *in forma pauperis*. (Docket entries #1 and #2) The Court granted that request. (#3) In a separate order, the Court construed Mr. Sims's complaint as a petition for writ of habeas corpus brought under 28 U.S.C. §2254; converted the case to a habeas corpus petition; terminated all defendants except Chief Deputy Jail Administrator of the W.C. "Dub" Brassell Adult Detention Center ("Detention Center"), Greg Bolin; and ordered a copy of the petition served on Mr. Bolin. (#4)

Mr. Sims is no longer incarcerated in the Detention Center, as evidenced by mail returned to the Court as undeliverable. (#6) Additionally, Mr. Bolin has responded to the petition and notified the Court that Mr. Sims was released from the Detention Center by order of the Circuit Court entered June 13, 2014. (#9 at p. 2) Mr. Sims provided the court with a new address on Beverly Avenue, White Hall, Arkansas, but is apparently no longer at that address, as evidenced by the mail returned to the Court as undeliverable. (#7)

Mr. Sims was previously informed that he must promptly notify the Clerk and all parties of any change in his address. See LOCAL RULE 5.5(c)(2). (#3) By order dated July 2, 2014, Mr. Sims was directed to notify the Court of his new address within thirty days and was warned that failure to comply with the Order could result in dismissal of his case under Local Rule 5.5(c)(2). As of the date of this order, Mr. Sims has not complied with the Court's order to provide a valid address.[1] Mr. Sims's petition should be dismissed, without prejudice, under Local Rule 5.5(c)(2).

### III.  Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Simis has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Sims has not provided a basis for issuing a certificate of appealability.

---

[1] Mr. Sims has already received the relief he requested in his petition–immediate release from incarceration. There is no indication that Mr. Sims faces future incarceration. Accordingly, it appears that Mr. Sims's habeas petition no longer meets the case-or-controversy requirement. See *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253 (1990)(throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.")

## IV.     Conclusion

For the reasons set forth above, the Court recommends that Mr. Sims's claims be dismissed, without prejudice, under Local Rule 5.5(c)(2), for failure to comply with the Court's Order of July 2, 2014.  The Court further recommends that no certificate of appealability be issued.

DATED this 11th day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE