**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MELVIN EARL SIMS**                                                                       **PLAINTIFF**

V.                       **CASE NO. 5:14-CV-00227 BSM/BD**

**DAVETRIA ROCHELLE, et al.**                                             **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**      **Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. Any party may file written objections within fourteen (14) days of the date of the Recommendation. If objections are filed, they must be specific and must include the factual or legal basis for the objection.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**      **Discussion**

On June 6, 2014, Melvin Earl Sims filed this lawsuit pro se under 42 U.S.C. § 1983, and moved for leave to proceed *in forma pauperis*. (Docket entries #1 and #2) The Court granted that request. (#3) In a separate order, the Court construed Mr. Sims's complaint as a petition for writ of habeas corpus brought under 28 U.S.C. §2254. Chief Deputy Jail Administrator, Greg Bolin, responded to the petition and notified the Court

that Mr. Sims was released from the W.C. "Dub" Brassell Adult Detention Center by an order of the Circuit Court entered June 13, 2014. (#9 at p. 2)

In a June 2, 2015 Order, the Court noted that Mr. Sims's release appeared to moot his habeas corpus petition. In the order, the Court gave Mr. Sims fourteen days to explain why his petition should not be dismissed. (#27) Mr. Sims has responded to the order and attached a magnetic resonance imaging report dated February 25, 2011.

Mr. Sims filed this petition while incarcerated at the Detention Center after being released from prison on a detainer. (#2 at p. 11) At the time of filing, his incarceration was the injury sustaining his petition. As noted, however, he is no longer incarcerated.

Mr. Sims has not alleged a continuing injury in order to maintain a habeas petition. *Id.* Under Supreme Court precedent, "continuing injury" in habeas corpus cases is quite narrowly construed. For example, the possibility of detriment at a future parole hearing, of an enhanced sentence at a future hearing, or of impeachment of future testimony are all deemed insufficient to show a continuing injury. Likewise, the inability to pursue damages for wrongful revocation,[1] and even the state's intentional delay of habeas proceedings for the purpose of mooting a petition, are not enough. *Spencer*, 523 U.S. at pp. 14-18.

---

[1] In *Heck v. Humphrey*, the Supreme Court held that a § 1983 claim that necessarily implies the invalidity of a conviction or sentence cannot be brought until the conviction or sentence is invalidated. 512 U.S. 477, 487, 114 S.Ct. 2364 (1994).

Because Mr. Sims has not shown a continuing injury, his petition is moot. There is no case or controversy at issue under Article III, § 2, of the Constitution. *Id.* at p. 14. And in the absence of a case or controversy, this Court lacks jurisdiction to address Mr. Sims's petition. Accordingly, Judge Miller should dismiss the petition, without prejudice, for lack of jurisdiction.

### III. Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Sims has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Sims has not provided a basis for issuing a certificate of appealability.

### IV. Conclusion

For the reasons set forth above, the Court recommends that Mr. Sims's petition for writ of habeas corpus be dismissed, without prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 18th day of June, 2015.

_____
UNITED STATES MAGISTRATE JUDGE